**234**

488 P.2d 48

**Irving L. BAKER, Appellant,**

v.

**Leslie BAKER and Joy Baker, husband and wife, and Joy Baker, as Guardian of the Estate of Jeffrey Baker, a minor, Appellees.**

**No. 2 CA–CIV 1001.**

Court of Appeals of Arizona, Division 2.

Sept. 1, 1971.

Rehearing Denied Sept. 15, 1971.

Review Denied Oct. 13, 1971.

Maurice M. Stern, Tucson, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P. C., by Marvin S. Cohen, Tucson, for appellees.

HOWARD, Judge.

This case is a sequel to our decision in Aritex Land Company v. Baker, 14 Ariz. App. 266, 482 P.2d 875 (1971), in which we affirmed a money judgment awarded to the appellees.

After a mandate was issued by this court in Aritex Land Company v. Baker, supra, appellees caused writs of execution to issue and be levied upon the interests of appellant, Irving L. Baker, in certain real property situated in Pima County, Arizona, title to which was held by Transamerica Title Insurance Company, as trustee, under trust Nos. RH–26536, 6038; RH–26933, and RH–26618, in each of which appellant was a beneficiary. The Sheriff levied upon and sold these interests to the appellees at a noticed execution sale. Appellant then filed the instant suit against the appellees in the superior court.

Count One of the complaint alleged that appellant and appellee, Leslie Baker, were partners in the ownership of the real property which was executed upon and sold and that the sale and execution was void by virtue of A.R.S. § 29–225 which provides, in effect, that partners have an equal right to possess specific partnership property for partnership purposes and that a partner's right in specific property is not subject to attachment or execution except on a claim against the partnership. The prayer for relief sought invalidation of the execution sale and restoration of the property to appellant.

Count Two of the complaint alleged essentially the same matter as Count One but prayed for damages.

Appellees moved for summary judgment in the trial court based upon collateral estoppel and the *res judicata* effect of our decision in Aritex Land Company v. Baker, supra. The trial court granted appellees' motion for partial summary judgment as to Counts One and Two, and, finding no just reason for delay entered final judgment of dismissal with prejudice on said Counts.

Appellant has filed this appeal contending that the motion for summary judgment should not have been granted since there were issues as to the existence of a partnership and as to the identity of the partnership property and further because, as a matter of law, partnership property is not available to satisfy a judgment of a partner's creditor for a claim not arising out of the partnership.

In Aritex Land Company v. Baker, supra, we recognized the validity and existence of an agreement settling all disputes between Irving Baker and Leslie Baker and affirmed a judgment in favor of appellees based on the breach of that agreement. One of the disputes which was the subject of litigation in Aritex Land Company v. Baker, supra, was the status of the Transamerica Trusts. This dispute was resolved by the agreement which recognized a tentative imbalance in favor of Leslie Baker and against Irving Baker arising from various transactions which were in evidence at the trial including the trust imbalances. The agreement provided for the partition, upon the request of either Leslie Baker or Irving Baker, of the lands beneficially owned by them which were those in the Transamerica Trust, for security by assignment of appellant's beneficial interest in the Transamerica Trust to secure payment of the imbalance; and further that appellant cause to be reconveyed to himself the beneficial interest in the Transamerica Trusts which he had previously assigned to Aritex and which Aritex had assigned to the Chapparral Cattle Company.

Even more compelling is Paragraph VIII of the agreement which provided that "this settlement agreement fully disposes of any and all claims which each of them has against the other * * * and each of them, in consideration of this settlement and the consummation of this settlement, fully discharges and releases any and all claims which he or she has against the other, individually or as executor or in any other capacity whasoever. * * *"

Any issue of the existence of a partnership was settled by the agreement.

We find that this appeal has been taken for delay and that there were no grounds for appeal. Appellees are awarded attorneys' fees pursuant to A.R.S. § 12–2106 in the statutory sum of $500.00.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.